United States District Court
Southern District of Texas
**ENTERED**
November 19, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 1:12-CR-00933 |
| | § | |
| ALVERTO GONZALEZ-ROBLES | § | |

## <u>ORDER AND OPINION</u>

Defendant Alverto Gonzalez-Robles requests that the Court reduce his sentence and order his release due to his underlying medical conditions and the dangers that COVID-19 poses to his health. (Motion, Doc. 71) The government filed a response, to which Gonzalez replied. (Response, Doc. 76; Reply, Doc. 77) Based on the record, the Court concludes that Gonzalez has not demonstrated that extraordinary and compelling reasons support a reduction of his sentence.

**I**

In 2013, the Court sentenced Gonzalez to 210 months in prison and 5 years of supervised release after he pled guilty to the crime of Possession With Intent to Distribute a Quantity Exceeding 50 Grams, that is, Approximately 14.26 Kilograms, of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. (Judgment, Doc. 50, 1–3) In 2016, his sentence was reduced to 186 months pursuant to 18 U.S.C. § 3582(c)(2). (Order, Doc. 68)

Gonzalez is currently serving his sentence at the Federal Medical Center in Fort Worth, Texas[1]. (Motion, Doc. 71, 4)

**II**

The First Step Act permits defendants to present a request for a reduction of sentence directly to the courts under 18 U.S.C. § 3582(c)(1). The statute contains specific requirements for submitting direct petitions. The defendant must either first "fully exhaust[] all

---

[1] The Court takes judicial notice that the BOP has reported seventeen active cases of COVID-19 among inmates and staff at the facility, and twelve deaths. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated November 18, 2020).

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or wait for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id*. at § 3582(c)(1)(A).  In the latter scenario, the defendant need not exhaust available administrative remedies.

Gonzalez has met the requirements of Section 3582(c)(1)(A).  In his Motion, he notes that he "submitted his request for Compassionate Release to the warden of FMC on 29 May 2020." (Motion, Doc. 71, 1)  In August, the BOP denied the request.  (*Id*.)  Although Gonzalez does not indicate whether he exhausted his administrative remedies, his Motion makes clear that more than 30 days have elapsed since Gonzalez made his request to the warden.  As a result, Gonzales has satisfied the threshold requirements of Section 3582(c)(1)(A).

### III

A court may reduce a defendant's sentence based on the factors set forth in 18 U.S.C. § 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission".  18 U.S.C. § 3582(c)(1)(A)(i).  In relevant part, the policy statement provides that extraordinary and compelling reasons for early release exist when:

(a)    the defendant is suffering from a terminal illness or other serious physical, medical, functional, or cognitive condition "that substantially diminishes [her] ability . . . to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover";

(b)    the defendant is at least 65 years old and "experiencing a serious deterioration in physical or mental health because of the aging process" and has "served at least 10 years or 75 percent of [her] term of imprisonment, whichever is less"; or

(c)    another reason "[a]s determined by the Director of the Bureau of Prisons".

U.S. Sentencing Guidelines, § 1B1.13(1)(A) & cmt. n.1.  The defendant also must not pose a danger to the safety of the community.  *Id*. at § 1B1.13(2).

In support of his request, Gonzalez describes his fear of a COVID-19 outbreak in his

facility that could lead to his infection—with potentially devastating health consequences due to his preexisting health conditions. (Motion, Doc. 71 (describing shortage of sanitation products, infrequent laundry services, and crowded circumstances)) Gonzalez suffers from type 2 diabetes and hypertension, both of which the Centers for Disease Control and Prevention has indicated place an individual at an increased risk of significant negative health consequences from the virus. (*Id.* at 1) In addition, Gonzalez has had both his legs amputated while in custody. (*Id.* at 1-2) Gonzalez also assures the Court that he will not engage in future criminal conduct and that, if released, he will reside with family in south Texas. (*Id.*)

As an initial matter, the Court acknowledges that Gonzalez's age and underlying health conditions place him at a heightened risk of the more serious symptoms of COVID-19, should he contract the illness. These factors weigh in favor of his request.

The Court, however, must conclude not that some reasons support a reduced sentence, but that "extraordinary and compelling reasons warrant" such relief. They do not. He has served only about 50% of his sentence, which is lengthy due, in part, to the seriousness of the crime for which he was sentenced. Gonzalez emphasizes his medical condition, noting his hypertension and type 2 diabetes. But the documentation he submits notes only the frequency of treatment, rather than the severity of his conditions. He also fails to indicate how the complications from the amputations render him more susceptible to the more serious symptoms of COVID-19. In addition, Gonzalez's assertions regarding BOP's response to COVID-19 and the conditions in BOP facilities focus on BOP's response across the nation, and in any event, do not demonstrate that the BOP cannot protect him from contracting COVID-19 or cannot provide him with adequate care should he contract the illness.

As a result, Gonzalez has not demonstrated that the totality of relevant factors for requests under Section 3582 weigh in favor of the relief he requests, much less that extraordinary and compelling reasons justify a significant reduction in his sentence.

Accordingly, it is:

**ORDERED** that Alverto Gonzalez-Robles's Motion for Compassionate Release (Doc. 71) is **DENIED**.

SIGNED this 19th day of November, 2020.

Fernando Rodriguez, Jr.
United States District Judge